KITTY
vs.
COMMONWEALTH
wards set it up
and rely upon it
for a recovery.

---

Kitty *vs.* Commonwealth.

APPEAL FROM BOONE COUNTY COURT.

1. A deed using the following language in regard to a slave, "hereby emancipated and set free the said girl Kitty," gives an immediate vested right to freedom, though the same deed postpones the right to enjoy freedom.

2. A vested right to freedom, granted to a slave before the adoption of the present constitution, though the enjoyment of that right was postponed until after its adoption, does not place the slave in the condition to require that he leave the state. (*Jackson vs. Collins,* 16 *B Monroe,* 220.) All subsisting rights were saved by both the constitution and Revised Statutes. (*Sec.* 1, *schedule of the Constitution, Rev. Stat.* 127.)

[The facts of the case appear in the opinion of the court. REP.]

*V. T. Chambers*; for appellant—

The county court erred in its adjudications in this case.

1. The *Rev. Stat. sec.* 4, *page* 644, have no application to the case of appellant. The constitution of Kentucky went into operation on the 11th day of June, 1850. The first legislative enactment on the subject of emancipating slaves, intended to carry into effect the power conferred by the constitution in regard to the emancipation of slaves, passed on the 24th day of March, 1851, and was repealed by *art.* 9, *of chap.* 93, *of the Revised Statutes,* which took effect on 1st day of July, 1852. The provisions of the Revised Statutes apply only "to such slaves as may be emancipated under the provisions of this article," either by will, or by deed acknowledged or proved in the county by two subscribing witnesses.

It is insisted that the appellant was emancipated under the old constitution, and that the service required of her for twelve years was not as a slave. The instrument of writing by which she was set free is dated 10th August, 1843; that instrument purports to be an immediate emancipation by the then owner of Kitty, in an instrument of writing by which he sells the time of the appellant to Chambers for twelve years, adds, "I hereby emancipate said Kitty at the end and expiration of said twelve years, should she so long live." Such an instrument, at its date, was effectual to give freedom without proof or recording. (See *Stat. Law,* 609; 7 *Dana,* 32; 3 *J. J. Marshall,* 495.)

Kitty was free from the 10th of August, 1843. (See 10 *B. Monroe*, 101; 6 *J. J. Marshall*, 532; 7 *B. Monroe*, 405.) The intention of the maker of the deed was to make Kitty free from the date of the deed; this is manifested by the fact that her issue, during the twelve years which she was to serve Chambers, were not to be free; without such a reservation they would have been free also.

The laws in force at the time of the contract governs its construction. (1 *Bibb*, 567.) The intention of the parties is to govern the construction. (15 *B. Monroe*, 234.) It was clearly the intention of Winston that Kitty was to be free from the date of the instrument of 10th August, 1843. The constitution and Revised Statutes could have no effect to reach back and change the contract or deed emancipating the appellant. An act of the legislature will not be so construed as to give it a retrospective opeation, unless such construction is demanded by its language. (16 *B. Monroe*, 219; 13 *Ib.* 22; 7 *Ib.* 168; 5 *Monroe*, 132; *J. J. Marshall*, 284.)

Is this not a penal proceeding? If so, was not appellant entitled to a trial by jury? (See *Con. U. S. art.* 2, *sec.* 3, *sub-division* 3, *arts.* 6–7 *of the amendments; Con. of Ky. bill of rights; Rev. Stat. page* 75, *sec.* 8; *Rev. Stat. page* 77, *sec.* 1; *Story on the Constitution, sec.* 1763.)

It has been held by this court that "though negroes 'are not entitled to all the privileges granted by the 'constitution, yet they are entitled to repose in its 'shade and to be protected by it; and are, in some 'sense at least, parties to the social compact." (3 *Marshall*, 72; 1 *Dana*, 332; 9 *Ib.* 447.)

*James Harlan*, Attorney General, for the commonwealth—

The question presented by the record is, whether the court erred in directing that Kitty should be hired out to raise money to transport her beyond the limits of this state?

And that involves the question, whether Kitty's right to freedom commenced at the date of the paper executed by Winston, or at the expiration of the twelve years? If at the former, then her right to freedom existed under the old constitution; and if the latter, then it was under the present constitution.

By the terms of the writing executed by Winston, Kitty was *sold* to Chambers for twelve years, and at the end of that time she became entitled to her freedom. She was certainly a slave until twelve years had expired. If not a slave, she was a free person. She could not be the latter, because her right to emancipation was in future. The language of the instrument is plain and unequivocal. "I hereby *emancipate and set free the said girl Kitty at the end and expiration of said term of twelve years*, should she so long live." The emancipation and setting free took effect the 10th of August, 1855, and her privileges and responsibilities are to be determined by the present constitution, and the laws passed to carry them into effect.

As the emancipator failed to make any provision for carrying the slave out of the state, it was the duty of the county court to take the necessary steps to raise the funds for that purpose. The proceedings of that court seem to be in accordance with the provisions of the *Revised Statutes, p.* 644.

But it is contended by the counsel for the appellant, she was entitled to a trial by jury; and that the act which deprives her of her liberty, without such a trial, is unconstitutional and void.

Assuming I am right in supposing that Kitty's right to be free did not accrue until after the new constitution went into operation, the argument of the counsel for the appellant is misapplied.

By the 10th article of the constitution (*Rev. Stat.* 72,) it is made the duty of the general assembly to pass laws permitting the owners of slaves to emancipate them, saving the rights of creditors, and to prevent them from remaining in this state after they

KITTY
vs.
COMMONWEALTH

are emancipated. The article in the Revised Statutes referred to was intended to carry into effect that provision of the constitution. By *sub-section 5 of section 1, p.* 644, it is provided: "The deed of emanci-'pation, and so much of any will as emancipates a 'slave, shall not vest the *absolute right* of freedom in 'the slave, *until after he shall have removed out of the* '*state.*" As therefore Kitty was not vested with an absolute right to freedom she could not claim the benefit of the decisions of this court in favor of free colored persons given before the making of the new constitution. Those decisions are not applicable to the present case. Kitty had an inchoate right to freedom, but "the absolute right" had not vested, and therefore the legislature did not violate any of her rights by the passage of the law referred to. None but *free persons* can claim any rights under the constitution.

Upon the whole case, it seems to me there is no valid objection to the orders made by the county court.

Dec. 14, 1857.

Judge STITES delivered the opinion of the court.

On the 10th August, 1843, W. T. Winston, of Boone county, executed and delivered to Joseph Chambers, of the same county, the following instrument of writing:

"Know all men by these presents, that I, William 'T. Winston, of Boone county, Kentucky, for and in 'consideration of the sum of one hundred and fifty 'dollars to me in hand paid, the receipt of which is 'hereby acknowledged, have bargained, sold, and 'conveyed, and by these presents do bargain, sell, 'and convey, to Joseph Chambers, of the same coun-'ty and State, a certain negro girl slave named Kitty, 'for and during the term and period of twelve years 'from this date, together with all increase which said 'girl Kitty may have during said term of twelve 'years, to have and to hold said girl Kitty for the 'term aforesaid, and her increase during said term

' absolutely and forever; and I hereby emancipate
' and set free the said girl Kitty at the end and expi-
' ration of said term of twelve years, should she so
' long live.   Given under my hand and seal this 10th
' August, 1843.

W. T. WINSTON."

At the expiration of the term, which ended in 1855, the girl Kitty claimed to be free, and was permitted to, and did conduct herself as a free woman of color until 1857, when, by order of the county court of Boone, she was directed to be placed in the custody of a trustee, to be hired out until "a sufficient fund ' was raised to defray the expense of her removal to ' some place out of this State, and to maintain her ' twelve months."   This order was resisted by Kitty, and from it she has appealed to this court.

As appears from the order itself, the county court proceeded upon the opinion that Kitty, though free, had acquired her right to freedom under the present constitution, and, as her former owner had failed to provide for her removal from this State, that it became the duty of the court, under the requisition of the Revised Statutes, (*chapter* 93, *article* 9, *section* 3,) to make the order in question for that end.

If, as was supposed, Kitty's right to freedom did not accrue until the expiration of the twelve years mentioned in the bill of sale, there can be no doubt of the propriety of the order, under the section of the Revised Statutes *supra*, which was enacted in conformity with the requisition of the present constitution, (*constitution, art.* 10, *sec.* 1.)   But such was not the case.   Her right to freedom was created and vested by the execution and delivery of the bill of sale from Winston to Chambers, and existed prior to the adoption either of the present constitution or Revised Statutes.   The postponement of the enjoyment of such right neither impaired the right itself nor effected its enjoyment in such manner as the laws then subsisting allowed.   (7 *Dana*, 34; 10 *Ben Mon.* 101; 4 *Dana*, 589; 6 *J. J. Mar.* 332.)

1. A deed using the following language in regard to a slave, "hereby emancipated and set free the said girl Kitty," gives an immediate vested right to freedom, though the same deed postpones the right to enjoy freedom

2. A vested right to freedom, granted to a slave before the adoption of the present constitution, tho' the enjoyment of that right was postponed until after its adoption, does not place the slave in the condition to require that he leave the state. (*Jackson vs. Collins,* 16 *B. Monroe,* 220.) All subsisting rights were saved by both the *Constitution and Rev. Statutes. Sec.* 1 *schedule of the Constitution; Rev. Stat.* 127.

Nor has the enjoyment of such right, so vested prior to the adoption of the present constitution and the Revised Statutes, been restricted or curtailed by either. All then subsisting rights are saved and protected by both. (*Sec.* 1 *schedule of the constitution; Rev. Stat.* 77, and 3 *sec. of the act to adopt the Revised Statutes,* 127.) Besides, it has been expressly held by this court, in *Jackson vs. Collins,* 16 *Ben. Monroe,* 220, that a right to freedom, acquired prior to the adoption of the present constitution, is unaffected by its provisions, or any legislation thereunder. Its exercise and enjoyment is controlled by the laws in force at the time it vested.

It results, therefore, as Kitty's right to freedom accrued before the adoption of the present constitution, although its enjoyment was postponed until afterwards, that the provision of the Revised Statutes *supra,* requiring county courts, when the person emancipating a slave shall fail to provide for his removal out of the State, to direct such slave to be hired out until a sufficient fund shall be raised for that purpose, does not apply to her case, and that the order complained of was unauthorized and erroneous.

Wherefore, said order is reversed, and cause remanded with directions that the same shall be set aside, and the motion dismissed.